

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

December 7, 1973

The Honorable Charles R. Barden, P.E.      Opinion No. H- 177
Executive Secretary
Texas Air Control Board      Re:    Point at which samples
820 East 53rd Street                          are to be taken to
Austin, Texas 78751                          determine emission of
                                                    hydrogen sulfide

Dear Mr. Barden:

Your opinion request asks the following question:

> "For purposes of property line sampling in accordance
> with the Rules and Regualtions of the Texas Air Control
> Board, if an oil company owns the oil and gas leasehold
> rights for a certain tract of land, is that entire tract
> under common control or ownership of the oil company?
> Or, in the alternative, is only the land actually being
> used for oil and gas production at a particular point in
> time under the control or ownership of the company? "

The Texas Clean Air Act (Article 4477-5, Vernon's Texas Civil
Statutes) establishes that The Texas Air Control Board is to administer its
provisions. (Article 4477-5, V. T. C. S., Subchapters B and C).

Section 3.09(a) of the Act gives the Board authority to make rules
and regulations consistent with the intent and purposes of the Act and to
amend them. It is provided in § 3.09(b):

> "Before adopting any rules and regulations, or any
> amendments or repeal thereof, the board shall hold a
> public hearing. If the rule or regulation, or amendment
> or repeal thereof, will have a state-wide effect, notice . . .
> of the hearing shall be published one time at least 20 days

> prior to the scheduled date of the hearing . . . .
> The board shall also comply, as appropriate, with
> the requirements of . . . Article 6252-13, Vernon's
> Texas Civil Statutes. . . ."

Subsection 3.10 (f) of the Act specifically authorizes the Board to prescribe "sampling methods and procedures."

One of the areas of activity of the Board in which it is authorized to make rules and regulations is the "measurement and monitoring of the emissions of air contaminants from any source. . . ." (§ 3.06)

Pursuant to its statutory authority, the Board has adopted Regulation III entitled "Control of Air Pollution from Sulfur Compounds." Contained in this regulation are limitations on the amount of hydrogen sulfide which may be emitted into the atmosphere, with the provision that determination of the concentration is to be in accordance with the detailed procedures in Appendix B. Paragraph IIIA provides that hydrogen sulfide emission levels are to be measured at or beyond the "property line." Rule 1.28 of the General Rules of the Board is:

> "Property. All land under common control or
> ownership on which any source or combination of sources
> is located, coupled with all improvements on such land,
> and all fixed or movable objects on such land. . . ."

Your letter states:

> "It has been the practice of staff investigators
> to conduct property line sampling at the fenceline
> surrounding individual 'tank batteries,' feeling that
> this is the land actually under control of the particular
> oil company."

In our opinion The Texas Clean Air Act represents a reasonable exercise of the State's police power designed to protect the public health and welfare. Williams v. State, 176 S.W. 2d 177

Tex. Crim. 1943); State v. City of Austin, 331 S. W. 2d 737 (Tex. 1960); 12 Tex. Jur. 2d, Constitutional Law, §70, p. 415, et seq. and cases cited.

We are also of the opinion that, in the Texas Clean Air Act, the Legislature has prescribed sufficient standards to guide the Air Control Board in its proceedings and that delegation to the Board of the power to make rules and regulations is not unconstitutional. Williams v. State, supra; Housing Authority of City of Dallas v. Higginbotham, 143 S. W. 2d 79 (Tex. 1940); Southwestern Savings & Loan Association of Houston v. Falkner, 331 S. W. 2d 917 (Tex. 1960); 12 Tex. Jur. 2d, Constitutional Law, §§ 62, 65.

The precise question you have asked us calls for a factual determination which this office cannot make. That determination must be made by your staff, based upon their particular expertise and their familiarity with the individual areas in question.

## SUMMARY

The enactment of the Texas Clean Air Act (Article 4477-5, V. T. C. S.) and the authorization to the Air Control Board to adopt rules and regulations for the measurement of emissions of contaminants are constitutional. Factual questions arising under those rules and regulations must be resolved, in the first instance, by the Board, and ultimately, by the courts.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee